UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SILVA,<br><br>         Plaintiff,<br><br>    v.<br><br>SHERIFF'S DEPUTY GALINDO,<br><br>         Defendants. | NO. ED CV 14-2150-PSG(E)<br><br><br>ORDER DISMISSING COMPLAINT<br>WITH LEAVE TO AMEND |

For the reasons set forth below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, a state prisoner, brings this civil rights action pursuant to 42 U.S.C. section 1983 against a San Bernardino County Sheriff's Deputy, Deputy Galindo. Plaintiff alleges that Defendant Galindo subjected Plaintiff to excessive force during Plaintiff's arrest. Plaintiff sues Defendant Galindo in his official and individual capacities.

///
///

1       The Court must construe Plaintiff's official capacity claim as
2 one against the County of San Bernardino. See Kentucky v. Graham, 473
3 U.S. 159, 165-66 (1985). Plaintiff may not sue the County on a theory
4 of respondeat superior, which is not a theory of liability cognizable
5 under 42 U.S.C. section 1983. See Connick v. Thompson, 131 S. Ct.
6 1350, 1359 (2011); Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); Polk
7 County v. Dodson, 454 U.S. 312, 325 (1981); Gibson v. County of
8 Washoe, Nev., 290 F.3d 1175, 1185 (9th Cir. 2002), cert. denied, 537
9 U.S. 1106 (2003). The County may be held liable only if the alleged
10 wrongdoing was committed pursuant to a municipal policy, custom or
11 usage. See Board of County Commissioners of Bryan County, Oklahoma v.
12 Brown, 520 U.S. 397, 402-04 (1997); Monell v. New York City Department
13 of Social Services, 436 U.S. 658, 691 (1978). Conclusory allegations
14 do not suffice to plead a municipal liability claim. See Ashcroft v.
15 Iqbal, 556 U.S. at 678 (plaintiff must allege more than an "unadorned,
16 the-defendant-unlawfully-harmed-me accusation"; a pleading that
17 "offers labels and conclusions or a formulaic recitation of the
18 elements of a cause of action will not do"); Starr v. Baca, 652 F.3d
19 1202, 1216 (9th Cir. 2011) (en banc), cert. denied, 132 S. Ct. 2101
20 (2012) ("allegations in a complaint or counterclaim may not simply
21 recite the elements of a cause of action, but must contain sufficient
22 allegations of underlying facts to give fair notice and to enable the
23 opposing party to defend itself effectively"); see also AE ex rel.
24 Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012)
25 (pleading standards set forth in Starr v. Baca govern municipal
26 liability claims).
27 ///
28 ///

1     The Complaint alleges no facts plausibly suggesting that
2 Defendant Galindo was acting pursuant to any County policy, custom or
3 usage when he allegedly subjected Plaintiff to excessive force.
4 Hence, the Complaint fails to plead a cognizable municipal liability
5 claim.

6

**ORDER**

8

9     The Complaint is dismissed with leave to amend. If Plaintiff
10 still wishes to pursue this action, he is granted thirty (30) days
11 from the date of this Order within which to file a First Amended
12 Complaint. At this time, the Court does not deem insufficient the
13 individual capacity claim against Defendant Galindo, but the Court
14 does require that the First Amended Complaint be complete in itself.
15 The First Amended Complaint shall not refer in any manner to any prior
16 complaint or to any other document. Failure to file timely a First
17 Amended Complaint in conformity with this Order may result in the
18 dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639,
19 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may
20 dismiss action for failure to follow court order); Simon v. Value
21 Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234
22 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001),
23 overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th
24 Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without
25 leave to amend where plaintiff failed to correct deficiencies in
26 complaint, where court had afforded plaintiff opportunities to do so,
27 and where court had given plaintiff notice of the substantive problems
28 with his claims); Plumeau v. School District #40, County of Yamhill,

130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

Dated: __10/31_____, 2014.

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented this 30th day of October, 2014 by:

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE